LAURA E. DUFFY
United States Attorney
VALERIE E. TORRES
Assistant U.S. Attorney
California Bar No. 223011
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7644
Fax: (619) 546-7751
Email: valerie.torres@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTY PERRINE and COREY PERRINE,<br><br>Plaintiffs,<br><br>v.<br><br>ORNA GIL, M.D.; VISTA COMMUNITY CLINIC; TRI-CITY MEDICAL CENTER; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 15-cv-01193-JM (WVG)<br><br>**NOTICE OF SUBSTITUTION (BY OPERATION OF LAW) OF THE UNITED STATES OF AMERICA IN PLACE OF VISTA COMMUNITY CLINIC AND ORNA GIL, M.D.**<br><br>[42 U.SC. § 233(a), (c), (g); 28 U.S.C. § 2679(d)(1)-(2)] |

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that the United States of America, through its attorneys, Laura E. Duffy, United States Attorney, and Valerie E. Torres, Assistant U.S. Attorney, hereby notifies all parties and the Court that by operation of law, to wit, 42 U.S.C. §§ 233(a), (c) and (g), and 28 U.S.C. § 2679(d), as amended, the United States has been substituted as a defendant, in place of Orna Gil, M.D., as to the common law tort claims Plaintiffs' complaint alleges against Orna Gil, M.D. that arise out of her acts or

omissions which occurred on or after January 1, 2012.  The United States also has been substituted as a defendant in place of Vista Community Clinic as to the common law tort claims Plaintiffs allege against it, that arise out of its acts or omissions which occurred on or after January 1, 2012.  This substitution is based upon the following:

1. On or about December 1, 2014, Plaintiffs initiated this action as Case No. 37-2014-00040643 in the Superior Court of California, County of San Diego.  Plaintiffs named as a defendant Vista Community Clinic, a federally supported health center.  Plaintiffs also named as a defendant Orna Gil, M.D., a physician employee of the health center.  The complaint alleges claims for medical negligence against Vista Community Clinic and Orna Gil, M.D.

2. Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), as amended, the Secretary of Health and Human Services has deemed Vista Community Clinic to be an employee of the Public Health Service for purposes of the Federal Tort Claims Act only, effective January 1, 2012.  The United States Attorney for the Southern District of California, through her designate, has certified that Vista Community Clinic was acting within the scope of its employment at the time of the incidents alleged in the complaint, and that pursuant to 42 U.S.C. § 233(g), Vista Community Clinic is deemed to be an employee of the United States, for Federal Tort Claims Act purposes only, for any acts or omissions alleged against it in the complaint, which occurred on or after January 1, 2012.  The Certification of Scope of Employment is attached hereto as Exhibit A.

3. The United States Attorney for the Southern District of California, through her designate, has further certified, pursuant to 28 U.S.C. § 2679(d), as amended, that Orna Gil, M.D. was acting within the scope of her employment at Vista Community Clinic with respect to the events giving rise to the complaint, which occurred on or after January 1, 2012.  *See* Exhibit A, attached hereto.  Because the claims against Orna Gil, M.D. arise within the scope of her official duties as an employee of Vista Community

Clinic, she has been deemed to be an employee of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act.

4. The Federal Tort Claims Act ("FTCA") provides that upon certification that an employee was acting within the scope of his or her employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim "*shall be deemed* an action against the United States" under the FTCA and "the United States *shall* be substituted as the party defendant." 28 U.S.C. § 2679(d)(1) (emphasis added); *see also* 28 U.S.C. § 2679(d)(2) (same with respect to an action initially filed in State court and subsequently removed: upon certification, the action or proceeding "shall be deemed to be an action or proceeding brought against the United States" and "the United States shall be substituted as the party defendant"). The Federally Supported Health Centers Assistance Act similarly provides that upon certification that an employee was acting in the scope of his employment at the time of the incident out of which the suit arose, the civil action or proceeding is "deemed a tort action brought against the United States under the provisions of the [FTCA]." 42 U.S.C. § 233(c). Therefore, for purposes of liability, the torts alleged in the complaint against Vista Community Clinic and Orna Gil, M.D. are deemed to have been brought against the United States under the provisions of the FTCA, 28 U.S.C. §§ 2671 et seq., and the United States is substituted as the party defendant in place of Vista Community Clinic and Orna Gil, M.D. *See* 28 U.S.C. § 2679(d)(1)-(2); 42 U.S.C. § 233(c).[1] Furthermore, Plaintiffs' remedy against the United States is exclusive of any other civil action or proceeding involving the same subject matter and claims against Vista Community Clinic and Orna Gil, M.D., based on acts or omissions which occurred on or after January 1, 2012. 42 U.S.C. §§ 233(a) and (g).

---

[1] The Secretary of Health and Human Services deemed Vista Community Clinic to be an employee of the Public Health Service for purposes of the Federal Tort Claims Act only, effective January 1, 2012. Any acts or omissions of Vista Community Clinic or Orna Gil, M.D. that occurred prior to January 1, 2012 are not covered by the Federal Tort Claims Act.

**WHEREFORE**, this action properly is deemed an action under the FTCA, solely against the United States as a substituted defendant, Vista Community Clinic and Orna Gil, M.D. are entitled to dismissal, with prejudice, as to the common law tort claims raised in the complaint, since said common law tort claims are precluded pursuant to 28 U.S.C. § 2679(b)(1) and 42 U.S.C. §§ 233(a), (c) and (g).

A proposed Order of Substitution will be submitted in accordance with local rules.

DATED:   May 29, 2015              Respectfully submitted,

                                   LAURA E. DUFFY
                                   United States Attorney

                                    s/ Valerie E. Torres
                                   VALERIE E. TORRES
                                   Assistant United States Attorney
                                   Attorneys for United States of America